DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Juan Gabriel Garcia, appeals the judgment of the Lucas County Court of Common Pleas. On November 16, 2006, appellant was indicted for two counts of aggravated robbery with a firearm specification, a violation of R.C. 2911.01(A)(1) and 2941.145, and a felony of the first degree, and two counts of robbery, a violation of R.C. 2911.02(A)(2) and a felony of the second degree. *Page 2 
 {¶ 2} Appellant entered pleas of not guilty and, upon his motion, was referred to the Court Diagnostic and Treatment Center for an evaluation of his competency to stand trial. Dr. Charlene A. Cassel, Ph.D., evaluated appellant, submitted a written report of her findings, and testified at appellant's competency hearing. A transcript of the competency hearing was not made part of the record on appeal; however, a copy of Dr. Cassel's report was filed under seal and made part of the record.
 {¶ 3} Based upon the report and Dr. Cassel's testimony, the trial court found appellant competent to stand trial. Shortly afterwards, appellant withdrew his plea of not guilty and, pursuant to a negotiated plea agreement, entered a plea of no contest to one count of aggravated robbery with a firearm specification. In exchange, the state agreed to dismiss one count of aggravated robbery with a firearm specification and the two counts of robbery.
 {¶ 4} The trial court accepted appellant's plea, found appellant guilty, and the matter proceeded to sentencing. For the one count of aggravated robbery, the trial court imposed a term of nine years incarceration, and imposed a mandatory and consecutive term of three years incarceration for the firearm specification. The state dismissed the other charges in the indictment per the plea agreement.
 {¶ 5} Appellant timely appealed, and now presents one assignment of error for review: *Page 3 
 {¶ 6} "The defendant was denied his right to effective assistance of counsel guaranteed to him by Art. I, § 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution."
 {¶ 7} In order to establish ineffective assistance of counsel, an accused must show: (1) that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment of the United States Constitution; and (2) that counsel's deficient performance prejudiced the defense.Strickland v. Washington (1984), 466 U.S. 668, 687. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. With respect to the first prong, courts indulge a strong presumption that counsel was competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. An appellant must show that his counsel's performance fell below an "objective standard of reasonableness."State v. Bradley (1989), 42 Ohio St.3d 136, 142, quotingStrickland, 466 U.S. at 687-688. Claimed errors must be more than disagreements over trial strategy. State v. Brown, 115 Ohio St.3d 55,2007-Ohio-4837, ¶ 53.
 {¶ 8} Appellant points to the sentencing hearing transcript, as evidence that his counsel knew that he "suffered severe psychological impairments." He argues that, due to that knowledge, his counsel should have filed a written plea of not guilty by reason of insanity, or, at least, requested a psychological evaluation. In support, he citesState v. Brown (1992), 84 Ohio App.3d 414, which held that counsel may be ineffective for *Page 4 
failing to file a written NGRI plea where circumstances indicate the defense would likely be successful.
 {¶ 9} We recently confronted this issue in State v. Anaya, 6th Dist. No. L-06-1375, 2008-Ohio-1853, where we stated:
 {¶ 10} "Where facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea. State v. Brown (1992), 84 Ohio App.3d 414. Where, however, facts indicate that counsel was pursuing a reasonable strategy in not so pleading, or where the likelihood of success for the plea is low, the decision is not unreasonable. State v. Twyman, 2d Dist. No. 19086, 2002-Ohio-3558 (defendant had mental health disorder but no reasonable probability he would have been acquitted by reason of insanity);State v. Martin, 12th Dist. No. CA2003-06-065, CA2003-06-066,2004-Ohio-702 (same); State v. Robinson, 6th Dist. No. L-03-1307,2005-Ohio-5266, ¶ 33 (psychological evaluations and defendant's testimony showed counsel's decision not to seek insanity defense was reasonable); State v. Johnson, [1st Dist. No. C-030643],2004-Ohio-3624." Id. at ¶ 29.
 {¶ 11} In the case sub judice, appellant received one psychiatric evaluation which concluded he was competent to stand trial. Although appellant has a mental health history, the evaluation does not indicate a "severe psychological impairment" as characterized by appellate counsel. Having reviewed the sealed competency report, we find a NGRI plea would have had a very low likelihood of success. Therefore, *Page 5 
appellant's trial counsel's decision not to pursue an insanity defense fell within the range of competent assistance.
 {¶ 12} For the foregoing reasons, appellant was afforded effective assistance of counsel and his assignment of error is therefore not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Peter M. Handwork, J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1