JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Keith Allen, appeals his conviction and sentence in the Cuyahoga County Court of Common Pleas for aggravated robbery in violation of R.C. 2911.01(B) with a one-year firearm specification, and attempted escape in violation of R.C. 2923.02 and 2921.34(A)(1). For the reasons stated herein, we affirm.
 {¶ 2} Allen was indicted on March 5, 2008, on charges of aggravated robbery with firearm specifications, and escape. The aggravated robbery charge alleged that on February 26, 2008, Allen "unlawfully and without privilege to do so, did knowingly remove or attempt to remove a deadly weapon from the person of * * * a law enforcement officer, while the law enforcement officer was acting within the course and scope of her duties and the offender knew or had reasonable cause to know that [the person] was a law enforcement officer." The escape charge alleged that Allen "unlawfully and knowing he was under detention or being reckless in that regard, did purposely break or attempt to break such detention and/or knowing he was under detention or being reckless in that regard, did purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement, and the offense for which he was under detention was a felony of the third, fourth, or fifth degree."
 {¶ 3} Defense counsel filed a request for evidence, a motion for discovery, and a motion for bill of particulars. *Page 4 
 {¶ 4} Allen subsequently pled guilty to the charges, as amended, of aggravated robbery with a one-year firearm specification and attempted escape. At his plea hearing, Allen engaged in a dialogue with the court. He disclosed that he was currently on probation in federal court, and he expressed an understanding of the proceedings and charges against him, the nature of his plea, and his rights. The trial court found that Allen's guilty plea was knowingly and voluntarily made. The court referred the matter to the probation department for a presentence investigation report.
 {¶ 5} Allen returned for a sentencing hearing on May 20, 2008. It was revealed that a court psychiatrist had diagnosed Allen with psychosis (not otherwise specified). The court indicated that the matter was eligible for placement on the mental health docket. Defense counsel then requested such a transfer.
 {¶ 6} Because the request to be placed on the mental health docket was not made prior to the time of the plea, the case was not permitted to be assigned to the mental health docket. The trial court proceeded with a sentencing hearing on June 6, 2008.
 {¶ 7} At the sentencing hearing, defense counsel represented that Allen was on PCP at the time of the offense, was unaware of his interaction with the police, and was remorseful. Defense counsel requested a minimum sentence.
 {¶ 8} The trial court found that Allen had an extensive criminal record, a history of violence, a history of noncompliance on supervision, and repeated criminal behavior. He was on federal probation at the time of the offenses in this matter. The *Page 5 
court considered the victim impact statement, as well as the nature of the offenses involved. The court found that the offenses were very serious, that trickery was involved, and that Allen was on PCP, a dangerous drug. The court recognized Allen's remorse as a mitigating factor and also indicated that defense counsel "has been pitching hard on [Allen's] behalf." The court sentenced Allen to a total aggregate prison term of six years.
 {¶ 9} Thereafter, Allen filed a motion to withdraw his guilty plea pursuant to Crim. R. 32.1. No ruling was made on the motion because Allen also filed a notice of appeal. The matter is before us for review.
 {¶ 10} Allen raises three assignments of error for our review. All three assignments argue that he was denied effective assistance of counsel.
 {¶ 11} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144. "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." State v.Carter (1995), 72 Ohio St.3d 545, 558. Further, "trial counsel is entitled to a strong presumption that all decisions fell within the wide range of reasonable, professional assistance." State v. Sallie (1998),81 Ohio St.3d 673, 675, citing State v. Thompson (1987),33 Ohio St.3d 1, 10. *Page 6 
 {¶ 12} Allen's first assignment of error provides as follows: "Appellant was denied effective assistance of counsel where his attorney failed to investigate the initial warrantless automobile stop and file a motion to suppress challenging the validity of the search and seizure, resulting in a violation under the Fourth and Sixth Amendments."
 {¶ 13} Allen argues that defense counsel was ineffective for failing to investigate the source of Allen's traffic stop, failing to file a motion to suppress, and failing to conduct any pretrial discovery. Initially, the record clearly demonstrates that defense counsel did investigate and obtain discovery in the matter. Defense counsel filed a request for evidence, a motion for discovery, and a motion for bill of particulars. Therefore, counsel was not ineffective in this regard.
 {¶ 14} With respect to a motion to suppress, "a guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established." State v. Fitzpatrick, 102 Ohio St.3d 321, 333,2004-Ohio-3167, quoting Menna v. New York (1975), 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2. Also, the failure to file or pursue a motion to suppress does not automatically constitute ineffective assistance of counsel. State v. Madrigal, 87 Ohio St.3d 378,2000-Ohio-448. Such failure constitutes ineffective assistance of counsel only where the record demonstrates a reasonable probability that the motion would have been granted. State v. Jackson, Cuyahoga App. No. 86542, 2006-Ohio-1938. *Page 7 
 {¶ 15} In this case, Allen pled guilty. Also, as part of the plea agreement, the state agreed not to pursue the charges from the original traffic stop. Finally, from what we can glean from the record before us, the incident for which Allen was charged did not stem from the original traffic stop, but rather from an incident that happened later, after Allen was transported to the hospital. At the hospital, Allen was able to break free from detention and assault a police officer and attempt to take the officer's gun. Consequently, the original stop was not even relevant.
 {¶ 16} Upon our review, we find the record fails to demonstrate a reasonable probability that a motion to suppress would have been granted. Because Allen has failed to demonstrate deficient performance or resulting prejudice, we overrule his first assignment of error.
 {¶ 17} Allen's second assignment of error provides as follows: "Appellant was denied effective assistance of counsel where the guarantees of the Sixth and Eighth Amendments require reasonable investigation of mitigation evidence."
 {¶ 18} Allen argues that the failure of defense counsel to investigate, obtain, or present any evidence prior to his plea or in mitigation of sentencing with respect to his "borderline mental retardation, psychiatric disorders, and history of (PCP) drug abuse," rendered his counsel's performance ineffective.
 {¶ 19} Our review of the record does not demonstrate any mental impairment that created an inability of Allen to understand the nature of the proceedings and the charges against him or an inability to knowingly, voluntarily, and intelligently enter his plea. Although it was determined during the presentence investigation that Allen *Page 8 
suffered from a psychosis, the record demonstrates that he was able to clearly communicate with the trial court and that he showed no signs of a mental impairment. Accordingly, Allen has failed to show that the outcome of the proceedings would have been different.
 {¶ 20} We also find that the record does not demonstrate defense counsel was ineffective for failing to further investigate or present mitigating factors. Indeed, there is no indication that such factors would have yielded a different outcome. As conceded by Allen, the trial court was presented with a history of his drug convictions, and the court was aware that Allen was on PCP at the time of the offense. The court pointed out that Allen was only 25 years old, that he had 27 offenses as a juvenile, numerous misdemeanors and felonies as an adult in state court, as well as convictions in federal court, and that he was on federal probation. The trial court considered Allen's remorse and the fact that he took responsibility for his actions. Defense counsel requested the minimum sentence, and the trial court specifically acknowledged that defense counsel "has been pitching hard on [Allen's] behalf." The court considered the dangerousness of Allen's actions, his history of violence and crimes, and found that he was "dangerous to society." The court indicated that it had "seriously considered giving [Allen] more time, much more time."
 {¶ 21} Finding no deficient performance or resulting prejudice, we overrule Allen's second assignment of error. *Page 9 
 {¶ 22} Allen's third assignment of error provides as follows: "Appellant was denied effective assistance of counsel where counsel failed to realize that his client was not guilty by reason of insanity."
 {¶ 23} Allen argues that defense counsel was ineffective for failing to pursue a defense of not guilty by reason of insanity. He argues that he had no recollection of the offense, and he asserted his belief that if he had reached for the officer's gun, he would have gotten it. However, the record in this case demonstrates that Allen was on PCP at the time he committed the offenses, and thus, his judgment would have been impaired.
 {¶ 24} "[W]here facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea. Where, however, the facts indicate that counsel was pursuing a reasonable strategy in failing to so plead, or where the likelihood of success for the plea is low, counsel's actions cannot be called unreasonable." State v. Mangus, Columbiana App. No. 07 CO 36,2008-Ohio-6210 (internal citations omitted); State v. Garcia, Lucas App. No. L-07-1104, 2008-Ohio-2095.
 {¶ 25} R.C. 2901.01(A)(14) provides that, "[a] person is `not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code [by a preponderance of the evidence], that at the time of the commission of the offense, the person did not *Page 10 
know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."
 {¶ 26} Allen has not alleged that he was unable to understand the wrongfulness of his conduct at the time of the alleged offenses. His argument is merely speculative, and he has failed to show any reasonable probability that an insanity defense would have succeeded. Also, it is apparent from the record that the indictment was amended and that no additional charges were brought as a result of a plea agreement. This appears to be a tactical decision on the part of counsel, which this court will not second-guess. Accordingly, we overrule Allen's third assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, A.J., and *Page 11 
CHRISTINE T. MCMONAGLE, J., CONCUR. *Page 1