[Cite as *State v. Gilmore*, 2016-Ohio-4697.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103479**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# SHANDA HOBSON GILMORE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-594817

**BEFORE:** Jones, A.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 30, 2016

**ATTORNEY FOR APPELLANT**

Susan J. Moran
55 Public Square, Suite 1616
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Kerry A. Sowul
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant, Shanda Hobson Gilmore, appeals her robbery, theft, and carrying concealed weapon convictions. We affirm.

{¶2} In 2015, Gilmore was charged with one count each of aggravated robbery, robbery, and kidnapping, all with firearm specifications; petty theft; carrying a concealed weapon; and two counts of tampering with evidence. She was referred for a competency evaluation and found competent to stand trial. She entered into a plea agreement and pleaded guilty to robbery with a one-year firearm specification, petty theft, and carrying a concealed weapon. The trial court sentenced her to a total of three years in prison.

{¶3} The record reflects that Gilmore, a habitual cocaine user, smoked the synthetic drug K2 and walked into the Shell gas station on South Taylor Road in Cleveland Heights with a gun. She walked behind the employee area of the gas station, took her loaded .38 caliber handgun, and pointed it at an employee of the store. Gilmore then took $120 off the counter and fled. The police arrested Gilmore a short time later. She was unarmed, but the police found the gun a short distance from the gas station.

{¶4} Gilmore filed a timely notice of appeal and raises one assignment of error for our review. Further facts germane to this appeal will be discussed under the assignment of error.

I. The Appellant was denied effective assistance of counsel in violation of Amendments VI and XIV of the United States Constitution and Article I, Section 10 of the Ohio Constitution, when counsel failed to file a motion

for not guilty by reason of insanity and failed to obtain an evaluation for sanity at the time of the act in light of the circumstances of the case.

{¶5} In her sole assignment of error, Gilmore argues that her counsel was ineffective for failing to set forth the argument that she was not sane at the time she committed her crime.

{¶6} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), syllabus; *State v. Brooks*, 25 Ohio St.3d 144, 495 N.E.2d 407 (1986). "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Carter*, 72 Ohio St.3d 545, 558, 651 N.E.2d 965 (1995). Further, "trial counsel is entitled to a strong presumption that all decisions fell within the wide range of reasonable, professional assistance." *State v. Sallie*, 81 Ohio St.3d 673, 675, 693 N.E.2d 267 (1998), citing *State v. Thompson*, 33 Ohio St.3d 1, 10, 514 N.E.2d 407 (1987).

{¶7} Gilmore argues that defense counsel was ineffective for failing to pursue a defense of not guilty by reason of insanity. R.C. 2901.01(A)(14) provides that

> [a] person is "not guilty by reason of insanity" relative to a charge of an offense only if the person proves [by a preponderance of the evidence] that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's

acts.

{¶8} If the "facts and circumstances indicate that a plea of not guilty by reason of insanity would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea." *State v. Allen*, 8th Dist. Cuyahoga No. 91750, 2009-Ohio-2036, ¶ 23, citing *State v. Mangus*, 7th Dist. Columbiana No. 07 CO 36, 2008-Ohio-6210. Where, however, the facts indicate that counsel was pursuing a reasonable strategy in failing to so plead, or where the likelihood of success for the plea is low, counsel's actions will not be determined to be unreasonable. *Id.* citing *id.*

{¶9} In *Allen*, the defendant pleaded guilty to aggravated robbery and attempted escape but claimed on appeal that his counsel had been ineffective, in part, because counsel failed to realize that the defendant was insane at the time of the act. The defendant thought that counsel should have raised that defense because he (Allen) had no recollection of the offense. This court disagreed, noting that Allen had smoked PCP prior to committing the offense; therefore, his judgment was impaired. The court found that defendant failed to provide evidence that he did not understand the wrongfulness of his actions, any argument that he was not sane at the time of the act was merely speculative, and he had failed to show evidence that his insanity defense would likely succeed. Finally, this court noted that the defendant had pleaded guilty to an amended indictment; thus, the plea was a tactical decision on the part of counsel. *Id*. at ¶ 26.

{¶10} In this case, Gilmore claimed at the sentencing hearing that she did not remember the offense and was "asleep" at the time, but there is nothing in the record to

show that Gilmore did not understand the wrongfulness of her actions. She further asserts that "had she been in her right mind," she would not have committed the crime. But Gilmore, who admitted to being a daily cocaine abuser, also admitted to smoking the drug K2 prior to committing the offense, and thus, her judgment would have been impaired at the time she committed the crime.

{¶11} Moreover, in the presentence investigation report, Gilmore told the probation department investigator that "she is sorry this offense happened. She wishes that she never 'hit' the K2. She wishes that the fire would have never started at her house and that she would have not 'spazzed out.'"[1] Thus, contrary to Gilmore's claim at her sentencing hearing, her statement to the probation department investigator indicates that she did understand the wrongfulness of her actions.

{¶12} Similar to the defendant in *Allen*, Gilmore agreed to plead guilty to an amended indictment; Gilmore was charged with seven counts, including a felony of the first degree (aggravated robbery), and pleaded guilty to only three of those counts, the highest being a second-degree felony (robbery). This court will not second-guess a tactical decision on the part of trial counsel.

{¶13} The sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[1] There is nothing in the record about a fire at Gilmore's house.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR