[Cite as *State v. Brechen*, 2020-Ohio-2827.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :

                      No. 108667

v.                                      :

JOHN BRECHEN,                           :

      Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 7, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-16-611016-A, CR-16-611748-A, CR-17-615101-A, CR-18-627957-A,
and CR-18-635854-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Sean Kilbane, Assistant Prosecuting Attorney, *for appellee.*

Jordan | Sidoti, L.L.P., and Mary Catherine Corrigan, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant John Brechen[1] appeals from a judgment of the Cuyahoga County Court of Common Pleas that convicted him of breaking and entering and other offenses in five separate cases and sentenced him to a total of six-and-a-half years in prison for his offenses. On appeal, Brechen assigns the following errors for our review:

> I. The appellant received ineffective assistance of counsel in violation of his Sixth Amendment right to counsel because his counsel failed to request a psychiatric evaluation for sanity, mental health court eligibility, and/or mitigation.
>
> II. The trial court erred by imposing consecutive sentences.

{¶ 2} Finding no merit to the appeal, we affirm the trial court's judgment.

**Substantive and Procedural Facts**

{¶ 3} Brechen was sentenced in five cases to a consecutive six-and-a-half-year prison term for a series of breaking and entering and related theft offenses he committed beginning in June 2011, when he broke into a Subway restaurant and two other businesses, Human Arc Company and Phoenix Coffee Company. Four years later, in June 2015, he broke into Anna Beauty Center. A year later, in May 2016, he broke into Flower City Gift Shop. In November 2016, he burglarized the home of an acquaintance. The offenses he committed in these incidents were charged in Cuyahoga C.P. No. CR-16-611016-A.

---

[1] We note that appellant's last name was alternatively spelled as "Brechen" and "Brechun" in the lower court record.

{¶ 4} In September 2016, Brechen broke into Cleveland State University's Wolstein Center; in November 2016, Lake View Cemetery; in April 2017, P&F Auto; and in December 2018, St. Philips Church. The offenses committed in these incidents were charged in Cuyahoga C.P. Nos. CR-16-611748-A, CR-17-615101-A, CR-18-627957-A, and CR-18-635854-A, respectively.

{¶ 5} Brechen and the state subsequently reached a plea agreement. In Case No. 611016 (relating to Subway, Human Arc Company, Phoenix Coffee Company, Anna Beauty Center, Flower City Gift Shop, and an individual), he pleaded guilty to four counts of breaking entering, a fifth-degree felony, one count of burglary, a third-degree felony, one count of grand theft, a fourth-degree felony, one count of vandalism, a fifth-degree felony, and four counts of criminal damaging, all second-degree misdemeanors. In Case No. 611748 (relating to Cleveland State University's Wolstein Center), he pleaded guilty to breaking and entering and vandalism, both fifth-degree felonies. In Case No. 615101 (relating to Lake View Cemetery), he pleaded guilty to breaking and entering, a fifth-degree felony, and theft, a first-degree misdemeanor. In Case No. 627957 (P&F Auto), he pleaded guilty to breaking and entering, a fifth-degree felony, and theft, a first-degree misdemeanor. In Case No. 635854 (relating to St. Philips Church), he pleaded guilty to receiving stolen property, a fifth-degree felony. In exchange for his guilty plea, the state dismissed all the other offenses charged in the indictments.

{¶ 6} At the plea hearing on April 9, 2019, the trial court engaged in a thorough Crim.R. 11 colloquy, during which the court informed Brechen of his

constitutional rights, ensured he understood the nature of the charges and the effect of the plea, and the maximum penalties he may receive. After finding Brechen entered the guilty plea knowingly, intelligently, and voluntarily, the trial court accepted his plea and referred the matter for a presentence investigation ("PSI").

{¶ 7} At the sentencing hearing, the trial court noted Brechen had a lengthy criminal record. He was repeatedly arrested for breaking and entering and sentenced to prison, and would reoffend once he was released from prison. The trial court observed that Brechen's PSI contained a nine-page recitation of his criminal record and, at the time of sentencing, he was on probation for three prior cases.

{¶ 8} In Case No. CR-16-611016, the court merged related offenses and imposed consecutive six-month terms for the four counts of breaking and entering and a consecutive 24-month term for burglary. The court also imposed a six-month term each for grand theft and vandalism, to be served concurrently to each other but consecutively to the breaking and entering and burglary counts. In Cases Nos. CR-16-611748, CR-17-615101, and CR-18-627957, the court merged related counts and sentenced him to a six-month term in each case for breaking and entering. In Case No. CR-18-635854, the court sentenced him to a six-month term for receiving stolen property. The prison terms imposed in these five cases are to be served consecutively.

{¶ 9} On appeal, Brechen claims his trial counsel provided ineffective assistance of counsel and the trial court erred by imposing consecutive sentences.

## Ineffective Assistance of Counsel

{¶ 10} Brechen argues his trial counsel provided ineffective assistance of counsel in failing to request a psychiatric evaluation for sanity claiming that if he had been referred to such an evaluation, he would likely be found either insane or eligible for the mental health docket and he would not have entered the guilty plea.

{¶ 11} In order to establish a claim of ineffective assistance of counsel, the defendant must show that his trial counsel's performance was deficient in some aspect of his representation and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Ohio, every properly licensed attorney is presumed to be competent and a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶ 12} In this case, Brechen pleaded guilty and therefore waived all appealable errors unless the errors are shown to have precluded him from voluntarily entering into the plea. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991). His guilty plea also waived a claim of ineffective assistance of counsel, unless he can show that counsel's deficient performance caused his plea to be less than knowing and voluntary. *Id.* at 128; *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5.

{¶ 13} It is also well settled that to prevail on a claim of ineffective assistance in the context of a guilty plea, the defendant must show prejudice, that is, there is a reasonable probability that, but for counsel's deficient performance, the defendant

would not have pleaded guilty and would have insisted on going to trial. *State v. Szakacs*, 8th Dist. Cuyahoga No. 92230, 2009-Ohio-5480, ¶ 15, citing *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 14} Here, Brechen claims, for the first time on appeal and without offering any evidence from the record in support, that his trial counsel's performance was deficient in failing to request a psychiatric evaluation for sanity and failing to request evaluation for mental health docket eligibility. Brechen alleges that if counsel had requested such an evaluation, he would been found either insane or eligible for the mental health docket.

{¶ 15} There is nothing in the record to support Brechen's claim on appeal that his trial counsel should have requested a mental health evaluation. The only reference to his mental health was found in the following statements made by his trial counsel when counsel spoke on Brechen's behalf at the sentencing hearing:

> Yes, Mr. Brechen has a rather long history. And it mostly [consists] of this same type of activity of breaking and entering and stealing.
>
> When I talked to him about it, he said, you know, until he was in his mid-t0-late 20s, he was doing okay. He had a secure life, middle-class type of living, a house. And he started doing drugs.
>
> Always had a little bit of bipolar and depression issue, but drugs kind of took him off the deep end.
>
> Then once he would run out of his mental health medication, he'd go to the drugs and get more hardcore. And then he would be walking down the street and need money for drugs, just break into the random business that was there. That's pretty much what happened then on every matter here.
>
> He knows what he did was wrong. He clearly wasn't thinking at the time. He was under the influence of the drugs and that he needed to get this crack cocaine to feed his addiction.

{¶ 16} Regarding Brechen's claim that his counsel should have requested a psychiatric evaluation for sanity, R.C. 2901.01(A)(14) provides:

> "[a] person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts."

{¶ 17} Brechen fails to cite anything from the record indicating he may be insane as statutorily defined at the time he committed the offenses. Our own review does not reveal any such indication either. Therefore, his trial counsel had no reason or obligation to make a request for a psychiatric evaluation for sanity; neither was counsel's performance deficient in not pursuing an insanity defense. *State v. Miller*, 8th Dist. Cuyahoga No. 93371, 2010-Ohio-2097, ¶ 14 (nothing in the record reasonably suggested appellant was legally insane and therefore defense counsel was not ineffective for failing to request that the court inquire into appellant's sanity or for failing to pursue an insanity defense).

{¶ 18} Regarding Brechen's claim that his trial counsel should have requested an evaluation for mental health docket eligibility, there is no indication in the record to show that such a mental health evaluation was warranted. The only reference to his mental health was counsel's statement, made at the sentencing hearing for purposes of mitigation, that Brechen had "a bit of bipolar and depression" and was on medications for these issues. Loc.R. 30.1(A) of the Court of Common Pleas of Cuyahoga County, General Division, provides that those defendants who have a "confirmed severe mental illness with a psychotic feature" are to be assigned to the

court's mental health docket. There was no indication that Brechen's mental health issues has a "psychotic feature" or that he would be eligible for assignment to the mental health docket. Brechen's claim that counsel's performance fell below the objective standard of reasonable representation in failing to request an evaluation for mental health docket eligibility is not supported by the record. *State v. Houston*, 2014-Ohio-3911, 19 N.E.3d 546, ¶ 39 (8th Dist.).

{¶ 19} We find no support in the record for Brechen's contention that his counsel's deficient performance caused his plea to be less than knowing and voluntary. Furthermore, Brechen fails to demonstrate that if a mental evaluation request had been made, he would have decided to go to trial instead of pleading to reduced charges. *Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, at ¶ 6 (appellant did not offer any evidence in the record to support his claim that his plea was a result of his trial counsel's failure to explore the possibility of transferring his case to the mental health docket; even if we would find his trial counsel was deficient for failing to request an evaluation for mental health docket eligibility, appellant has made no showing that but for the error, he would not have pleaded guilty). The first assignment of error is overruled.

**Consecutive Sentences**

{¶ 20} Under the second assignment of error, Brechen claims the trial court erred in imposing consecutive sentences. The trial court may impose consecutive sentences only if it makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22.

Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any one of the following applies:

> (a) The offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;

> (b) At least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 21}** When reviewing felony sentences, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under the statute, we may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing, if we "clearly and convincingly find" that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4).

**{¶ 22}** Here, the trial court made the requisite statutory findings required by R.C. 2929.14(C)(4). The court found that consecutive terms are "necessary to punish the offender and protect the public from future crime as demonstrated by [the defendant's] criminal history" and "not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public."

{¶ 23} In addition, the trial court made the findings under R.C. 2929.14(C)(4)(b) and (c), finding that "two or more offenses were part of one or more courses of conduct and the harm caused is so great or unusual that no single prison term would adequately reflect the seriousness of the conduct," and that the defender's "criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by [the defendant]."

{¶ 24} While the trial court is not required to give reasons supporting its decision to impose consecutive sentences, *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 27, the trial court here remarked that "[t]hese are multiple victims that you've harmed. * * * [W]hen crime happens in the community, businesses are being broken into, it devalues that community and it puts everybody at risk. * * * Not only their safety, but their security and their peace of mind[,] * * * not to mention the financial loss."

{¶ 25} Our review shows the trial court's findings are supported by the record. To support his drug abuse, Brechen repeatedly broke into local businesses, often smashing their doors and windows, and stole from the businesses. The 20-page-long PSI describes Brechen's lengthy criminal history dating back to 1980 and it shows the frequency with which he committed the offenses against the businesses in the community escalated in recent years. The trial court made the required finding for consecutive sentences and, having reviewed the record, we are unable to conclude that the record does not "clearly and convincingly" support the trial court's findings pursuant to R.C. 2929.14(C).

{¶ 26} Brechen argues the trial court did not engage in a "substantial analysis" when making the consecutive findings and merely gave a talismanic incantation of the statutory language under R.C. 2929.14(C)(4). He asserts that this court, in *State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015-Ohio-4702, adopted a higher standard requiring the trial court to set forth facts in support of the statutory findings. [2] The same claim was made by the appellant in *State v. Dansby-East*, 8th Dist. Cuyahoga No. 107418, 2019-Ohio-2218, and this court rejected the unfounded claim that a heightened standard for the imposition of consecutive sentences was created in *Peak*. *Id.* at ¶ 23. The second assignment of error is without merit.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] Brechen refers us to paragraph 13 of *Peak* to support his claim. That paragraph states:

> This record demonstrates that the trial court complied with the findings necessary for the imposition of consecutive sentences. First, the trial court found that consecutive sentences are necessary to protect the public and to punish the offender, whereas the court need only find one or the other. Next, the trial court found that consecutive sentences are not disproportionate to Peak's conduct and that his misguided thoughts and lack of remorse reflect the continued danger he poses to the public. Finally, the trial court found that Peak's extensive criminal history was a relevant factor for imposing consecutive terms.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR