[Cite as *State v. Moses*, 2025-Ohio-5515.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                      :

    Plaintiff-Appellee,        :

                          No. 114937

    v.                                     :

DENESHA MOSES,                  :

    Defendant-Appellant.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-24-695163-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joshua Mason, Assistant Prosecuting Attorney, *for appellee.*

Eric M. Levy, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Denesha Moses appeals her convictions for assaulting two police officers, claiming ineffective assistance of trial counsel for failing to pursue a not-

guilty-by-reason-of-insanity plea or the affirmative defenses of self-defense or entrapment at her trial. For the following reasons, the convictions are affirmed.

{¶ 2} Moses, then 44 years old, went to the MetroHealth emergency room for an undisclosed reason. Her child was with her. While waiting to be transferred to a room or admitted, she was informed by hospital personnel that children could not accompany patients because of hospital policy and procedures. The child's father arrived, but Moses prevented him from taking the child home. Moses took his car keys, refused to return them, and an argument ensued. Importantly, Moses has never contested the father's ability or authority to take custody of the child at the hospital, which would have ended the situation.

{¶ 3} Hospital staff called their staff police officers for assistance after their unsuccessful attempts to deescalate or resolve the heightened tension. Ultimately, several officers arrived based on the call for assistance or having overheard the unfolding commotion. After unsuccessfully mediating the dispute, one of the officers asked if she could return the keys to the father. Moses refused and began to place the keys in her purse. The officer reached for the purse. Moses retaliated by attempting to strike the officer, forcing the other officers to restrain Moses, who aggressively resisted. In that process, Moses separately bit two officers, which is the basis of the two convictions.

{¶ 4} The trial evidence was straightforward. The undisputed evidence demonstrated that Moses attempted to strike one of the officers and in the process of being restrained for that physical aggression, she bit each of the victims, causing

observable marks. That evidence met the letter of R.C. 2903.13(A), which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." *Id.*; *see State v. Wacasey*, 2025-Ohio-1257, ¶ 21 (8th Dist.) ("An attempt to bite an arresting officer alone satisfies the elements of assault, demonstrating an attempt to cause physical harm."), citing *State v. Workman*, 2009-Ohio-2995, ¶ 11 (9th Dist.). Because those two assaults were committed against peace officers, the severity of the crime was elevated. *See* R.C. 2903.13(C)(5)(a) (If the assault is committed against a peace officer performing their official duties, the assault is a felony of the fourth degree.).

{¶ 5} The primary defense at trial amounted to an attempt at jury nullification, with Moses claiming that the officers failed to use additional deescalation techniques or violated internal protocols leading to her assault of the officers.[1] Moses largely concedes, through omission, that the officers' conduct in restraining her after she attempted to strike one of the officers was not otherwise unlawful or the force they exerted, excessive. The jury found Moses guilty of the two counts of felonious assault of a peace officer. The trial court sentenced Moses to a one-year term of community-control sanctions after questioning the prosecutorial

---

[1] "Jury nullification is a trial jury's inherent right to disregard its instructions (i.e., the letter of the law), and to reach a verdict based upon its own collective conscience." *Cleveland Constr., Inc. v. Ohio Pub. Emps. Retirement Sys.*, 2008-Ohio-1630, ¶ 38 (10th Dist.), citing Scheflin, *Jury Nullification: The Right to Say No*, 45 S.Cal.L.Rev. 168 (1972). In situations where the facts are largely indisputable, jury nullification remains a viable trial strategy. *See State v. Reyes-Figueroa*, 2020-Ohio-4460, ¶ 37 (8th Dist.), citing *State v. McGilton*, 2008-Ohio-5432 (5th Dist.).

decision to indict Moses, which was based on the trial court's stated belief that biting the officers was not malicious. This appeal timely followed.

{¶ 6} All three assignments of error are based on claims of ineffective assistance of counsel. In order to establish that claim, a defendant must show "that counsel's performance fell below an objective standard of reasonable representation," and "that there is a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 2022-Ohio-3697, ¶ 36, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). A "reasonable probability" is a probability of a different result sufficient enough to undermine confidence in the outcome. *Drain* at ¶ 52, quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004), and *Strickland* at 694.

{¶ 7} In the first assignment of error, Moses claims her trial counsel's performance was deficient because he failed to assert a not-guilty-by-reason-of-insanity plea. According to Moses, in this appeal, she was in the emergency room because of a psychiatric condition and that fact demonstrates the necessity of raising the insanity defense at trial.

{¶ 8} As the State notes and Moses concedes, in order to establish ineffective assistance for failing to raise a not-guilty-by-reason-of-insanity defense, the record must demonstrate that the defense would have had a reasonable probability of success and that counsel's decision not to pursue it was objectively unreasonable. *State v. Davenport*, 2018-Ohio-2933, ¶ 28 (8th Dist.), citing *State v. Gilmore*, 2016-Ohio-4697, ¶ 8 (8th Dist.), and *State v. Allen*, 2009-Ohio-2036 (8th

Dist.); *see also State v. Walton*, 2024-Ohio-6071, ¶ 26 (4th Dist.); *State v. Edwards*, 2023-Ohio-4173, ¶ 11 (12th Dist.).

{¶ 9} The law, however, is well developed and not favorable to Moses's argument. "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves . . . that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14). In general, "[t]he existence of mental illness, without more, does not demonstrate an inability to comprehend the difference between right and wrong." *State v. Arnold*, 2025-Ohio-2547, ¶ 33 (6th Dist.), citing *State v. Walker*, 2023-Ohio-140, ¶ 33 (6th Dist.); *see also State v. May*, 2008-Ohio-1731, ¶ 7 (1st Dist.) (having a mental illness does not necessarily equate to insanity); *State v. Siedel*, 2025-Ohio-595, ¶ 23 (9th Dist.); *State v. Edwards*, 2023-Ohio-4173, ¶ 14 (12th Dist.). The insanity defense is thus available only to those suffering severe mental disease or defect, not just any mental-health issue. When the record is silent as to whether the defendant is insane as statutorily defined at the time of the offense, it cannot be demonstrated that trial counsel had any reason or obligation to request psychiatric evaluations for sanity. *State v. Brechen*, 2020-Ohio-2827, ¶ 17 (8th Dist.), citing *State v. Miller*, 2010-Ohio-2097, ¶ 14 (8th Dist.).

{¶ 10} In this case, there is scant evidence of Moses's mental condition, much less any evidence demonstrating a severe mental disease or defect. She largely

presumes that conclusion by claiming she was referred to as a psychiatric patient at the time of the incident. The record is indifferent.

{¶ 11} One of the officers testified that Moses was colloquially referred to as a "psych" patient at the time, but the officer stated he was not qualified to make that medical determination and could not speak more on the topic. Tr. 292, 296. It was simply a notation in his record. When the officer was asked about the psychiatric hold placed on Moses after the incident, the trial court struck the ensuing testimony. Tr. 320. No other testimony was presented demonstrating Moses's capacity to appreciate the rightness or wrongness of her conduct. Further, Moses has not identified any portion of the record demonstrating a severe mental disease or defect or the reason for the supposed psychiatric hold, making her claim of insanity purely speculative. *See Allen*, 2009-Ohio-2036, at ¶ 26 (8th Dist.) (the defendant "failed to show any reasonable probability that an insanity defense would have succeeded" because the claims of insanity were not supported with evidence in the record and, thus, were speculative).

{¶ 12} Moreover, at sentencing, Moses confirmed that she sought admission for "an actual sickness." Although the basis of her seeking medical attention is not entirely clear, she further stated that upon reflection, she responded poorly to the situation — necessarily implying her capability of determining the rightfulness or wrongfulness of her conduct at the time. Tr. 438; *see Walker*, 2023-Ohio-140, at ¶ 33 (considering the defendant's sentencing statements in analyzing the assignment of error regarding the failure to pursue an insanity defense). There is

no other information in the record of Moses's mental condition demonstrating any indication of a severe mental disease or defect at the time she assaulted the officers. As a result, it cannot be concluded that trial counsel's decision to forego the insanity defense was objectively unreasonable. The first assignment of error is overruled.

{¶ 13} In the second assignment of error, Moses claims her attorney should have asserted self-defense at trial to justify her biting the officers.

{¶ 14} In order to assert a claim of self-defense, there must be evidence that the defendant was not at fault in creating the situation, had reasonable grounds to believe and an honest belief that she was in imminent danger of bodily harm, and that the only means of escape was through the use of retaliatory force. *See State v. French*, 2024-Ohio-1256, ¶ 25 (1st Dist.), quoting *State v. Gibson*, 2023-Ohio-1640, ¶ 11 (1st Dist.); *see also State v. Sekic*, 2011-Ohio-3978, ¶ 11 (8th Dist).

{¶ 15} Moses reacted to the officer's attempt to obtain the father's car keys by attempting to strike her. The officer's conduct in attempting to permit the father to take the child home is not the issue. At no point has Moses ever argued, much less established, that the father lacked the capacity or authority to take custody of the child, and there is no dispute that hospital policy precluded the child's continued presence. Without question, returning the father's car keys would have resolved the situation, and there is no explanation in this record for the refusal. Further, no physical harm was threatened by the officer, and the other officer's response to Moses's attempt to strike her was well within their common-law authority to use

reasonable force in the course and scope of their duties in response to a belligerent act. *State v. White*, 2015-Ohio-492, ¶ 17.

{¶ 16} As it specifically relates to the force exerted to restrain Moses, the basis of the two convictions, "[u]nless an arresting officer uses excessive or unnecessary force, a private citizen may not use force to resist arrest by an authorized police officer, regardless of whether the arrest is illegal." *State v. Asp*, 2023-Ohio-290, ¶ 61 (5th Dist.); *see also Columbus v. Fraley*, 41 Ohio St.2d 173 (1975), paragraph three of the syllabus. ("In the absence of excessive or unnecessary force by an arresting officer, a private citizen may not use force to resist arrest by one he knows, or has good reason to believe, is an authorized police officer engaged in the performance of his duties."). That Moses was not under arrest at the time of her detention is inconsequential. *See State v. Locke*, 2021-Ohio-4609, ¶ 14 (8th Dist.). There is no allegation, much less any evidence, that the officers used excessive force to restrain Moses after she attempted to strike one of the officers and that restraint was the sole factor leading to Moses biting the officers.

{¶ 17} Self-defense is not an affirmative defense available to justify her misconduct, and as a result, trial counsel could not have raised the defense at trial.[2] The second assignment of error is overruled.

---

[2] Moses extensively quotes the dissenting opinion in *State v. Bennett*, 2019-Ohio-2996, ¶ 51-64 (2d Dist.), which discussed self-defense in the context of a patient assaulting hospital personnel attempting to provide treatment against the patient's wishes. Not only is that case irrelevant to the current facts in which the medical treatment administered was not an issue, but we decline to consider a dissenting viewpoint in nonbinding

{¶ 18} In the third and final assignment of error, Moses claims that she received ineffective assistance of counsel because counsel failed to assert the affirmative defense of entrapment, claiming the officers implanted the idea of being bitten in Moses's mind and induced that to happen through their conduct in restraining Moses. That argument lacks merit.

{¶ 19} Entrapment is an affirmative defense, established if an offender proves that the criminal design originated "with the officials of the government, and they implant[ed] in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute." *State v. Doran*, 5 Ohio St.3d 187 (1983), paragraph one of the syllabus. Ohio relies on a subjective test to establish entrapment. *Id.* That test focuses on the predisposition of the accused to commit the offense, which places emphasis on the offender's criminal culpability and not the culpability of the police officer. *Id.* at 192. Entrapment does not occur when "it is shown that the accused was predisposed to commit the offense" and the government "merely afford[s] opportunities or facilities for the commission of the offense." *Id.* Importantly, focusing on the law enforcement officers' conduct in resolving the entrapment question would be legally erroneous. *State v. Carver*, 2022-Ohio-3238, ¶ 13 (8th Dist.).

{¶ 20} Moses's focus is on the officers' conduct, not her propensity to respond to mundane requests with violence. Because that focus is misplaced, we

authority as persuasive authority on a matter controlled by the general rule that citizens are not permitted to use force in response to a lawful act of a peace officer.

cannot conclude that trial counsel was deficient for failing to raise entrapment as an affirmative defense. Nothing in this record or Moses's argument establishes the viability of raising entrapment as a defense to her assault of two police officers. The third and final assignment of error is overruled.

{¶ 21} Moses's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt J., retired, of the Tenth District Court of Appeals.)