DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Steven Purefoy has appealed from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} Appellant was indicted on the following counts: one count of possession of cocaine in violation of R.C. 2925.11(A); one count of assault in violation of R.C. 2903.13(A); one count of vandalism in violation of R.C. 2909.05(A); one count of making false alarms in violation of R.C. 2917.32(A)(3); and one count of resisting arrest in violation of R.C. 2921.33. Appellant pled not guilty to the charges and the matter proceeded to a jury trial. At the conclusion of the matter, the jury found Appellant guilty on each of the charges. The trial court sentenced Appellant to an aggregate term of six months incarceration. Appellant has timely appealed his convictions, raising one assignment of error for review.
 II Assignment of Error "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED DEFENDANT-APPELLANT PUREFOY'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER CRIMINAL RULE 29."
 {¶ 3} In his sole assignment of error, Appellant has argued that the State presented insufficient evidence to support his convictions and that his convictions were against the manifest weight of the evidence. This Court disagrees.
 {¶ 4} Initially, this Court notes that an appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. Pursuant to App.R. 16(A), an appellant's brief shall include the following:
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." (Emphasis added.)
This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. See App.R. 12(A)(2); Loc.R. 7(F).
 {¶ 5} Appellant's brief is devoid of any meaningful argument. This is not a matter of an appellate brief being poorly argued. Rather, it is a matter of an appellate brief containing no argument. Following a lengthy recitation of this Court's standard of review, Appellant's legal argument consists of the following:
 "Purefoy's conviction was supported by neither sufficient evidence nor the manifest weight of it. The evidence presented revealed Purefoy did not intentionally assault a fireman nor possess cocaine."
Appellant's argument section contains no citations to the record. Furthermore, while Appellant was convicted of five separate offenses, his brief has not identified the elements of even a single offense. Accordingly, the brief filed herein is woefully deficient. This Court notes, however, that Appellant has suffered no prejudice from the failures of his counsel.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
In State v. Roberts, this Court explained:
 "[Sufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *4. (Emphasis omitted).
Accordingly, we address Appellant's challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 7} In determining whether a conviction is against the manifest weight of the evidence an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 8} Appellant was convicted of possession of cocaine, assault on a fireman, vandalism, making false alarms, and resisting arrest. For each count, the State produced overwhelming evidence of Appellant's guilt.
 {¶ 9} Initially, we note the elements of the offenses for which Appellant was convicted. Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A) which provides as follows: "No person shall knowingly obtain, possess, or use a controlled substance." Appellant was also convicted of assault in violation of R.C. 2903.13(A) which provides that "[n]o person shall knowingly cause or attempt to cause physical harm to another[.]" Appellant's third conviction was for vandalism, which is governed by R.C. 2909.05(A) which provides that "[n]o person shall knowingly cause serious physical harm to an occupied structure or any of its contents." Additionally, Appellant was convicted of making false alarms in violation of R.C. 2917.32(A)(3) which provides that "[n]o person shall * * * [r]eport to any law enforcement agency an alleged offense or other incident within its concern, knowing that such offense did not occur." Finally, Appellant was convicted of resisting arrest in violation of R.C. 2921.33(A) which provides that "[n]o person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another."
 {¶ 10} Lieutenant William Monzo, a member of the Akron Fire Department, testified that he responded to a fire alarm at Mayflower Manor on February 5, 2006. Upon reaching the fifth floor, Monzo observed Appellant kick a hole in the wall of the hallway. Appellant then grabbed a broken handrail and attempted to hit Monzo with the broken railing. Monzo was able to keep Appellant on the fifth floor until police officers arrived. Upon arriving, officers were able to handcuff Appellant. Appellant then struggled to get free from the officers until he was placed on his stomach near the elevator. The officers then entered a nearby apartment in an attempt to arrest a tenant who was antagonizing Appellant, leaving Appellant alone with Monzo. After the officers entered the apartment, Appellant grabbed a hold of a breathing apparatus around Monzo's neck and pulled down on it, choking Monzo. The officers heard the noise in the hallway, returned, and attempted to stop Appellant's assault. To stop Appellant, it required four officers, the use of pepper spray, and the use of multiple tasers.
 {¶ 11} Monzo also testified about the damage done to multiple portions of the fire alarm system, including broken glass around the extinguishers. Monzo also noted that a fire extinguisher had been sprayed on the eighth floor of the building. Monzo concluded that this damage and the action of using the extinguisher likely caused the alarm to be sounded, despite the lack of a fire.
 {¶ 12} Akron Officers William Lagasse and Gregory Mesko confirmed Monzo's testimony. Each testified that Appellant resisted them after being handcuffed, kicking his legs and attempting to stop the officers from taking him to the elevator. Both officers testified that upon exiting the apartment, they witnessed Appellant assaulting Monzo and that a struggle ensued to stop the assault. Both officers also noted that it took four officers, multiple tasers, and the use of pepper spray to stop the struggle.
 {¶ 13} In addition, the State introduced video surveillance from the Mayflower Manor which clearly showed Appellant damaging the property on multiple floors. Sergeant Michael Yohe testified that in several frames of the video Appellant's face was clearly visible. Yohe also noted that he was present in the apartment complex on the day in question and that Appellant was the man in the videotape.
 {¶ 14} Finally, the State relied upon the testimony of Officer Michael Rinn. Rinn testified that Appellant was taken to the hospital after his struggle with the officers. Rinn collected Appellant's clothes and found a rock of crack cocaine wrapped in a dollar bill in the pocket of Appellant's pants. The parties stipulated that laboratory tests confirmed that the substance was crack cocaine.
 {¶ 15} Appellant presented no defense at trial. As such, the sole evidence at trial demonstrated Appellant's guilt on each of the charges. Moreover, to the extent that Appellant's appellate brief statement of facts seems to argue that he was irrational at the time of the offenses, such an argument is irrelevant.
 "The partial defense of diminished capacity is not recognized in Ohio. * * * A defendant may not offer expert psychiatric testimony, unrelated to the insanity defense, to show that the defendant lacked the mental capacity to form the specific mental state required for a particular crime or degree of crime." State v. Wilcox (1982), 70 Ohio St.2d 182, paragraphs one and two of the syllabus.
Accordingly, this Court cannot say that Appellant's convictions were against the manifest weight of the evidence. Having disposed of Appellant's challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. See Roberts, supra, at *2.
 {¶ 16} Appellant's sole assignment of error lacks merit.
 III {¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
MOORE, J. BAIRD, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)