[Cite as *State v. Pack*, 2023-Ohio-3200.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                                   :

    Appellee,                                   :        CASE NOS. CA2022-12-087
                                             CA2022-12-088
                                  :        CA2022-12-089

  - vs -

                                            :        O P I N I O N
                                                9/11/2023

RICKY LEE PACK,                                  :

    Appellant.                                  :

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2019 CR 00748, 2019 CR 01046 and 2021 CR 00187

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas Horton, Assistant Prosecuting Attorney, for appellee.

Denise S. Barone, for appellant.

**HENDRICKSON, J.**

{¶ 1} Appellant, Ricky Lee Pack, appeals the judgment of the Clermont County Court of Common Pleas revoking his community control in three cases and sentencing him to an aggregate prison term of 54 months. For the reasons discussed below, we affirm.

{¶ 2} On August 1, 2019, appellant was indicted in the Clermont County Court of Common Pleas Case No. 2019 CR 00748 ("Case No. 748") on one count of possession of

a fentanyl-related compound in violation of R.C. 2925.11(A), a felony of the fifth degree. He was subsequently indicted on October 22, 2019 in the Clermont County Court of Common Pleas Case No. 2019 CR 01046 ("Case No. 1046") on aggravated possession of drugs (methamphetamine), possession of heroin, possession of a fentanyl-related compound, and possession of drugs (tramadol), fourth-degree felonies in violation of R.C. 2925.11(A). On November 26, 2019, appellant pled guilty as charged in Case No. 748 and, in Case No. 1046, pled guilty to possession of a fentanyl-related compound and possession of drugs (tramadol). Appellant was sentenced in December 2019 on both cases to a four-year term of community control, which included conditions that he participate in and successfully complete all programing at the Community Corrections Center (CCC), follow through with all recommended follow-up treatments, refrain from drug and alcohol use, and report to and comply with the directives of the probation department. Appellant was advised that failure to comply with the terms of his community control could result in the revocation of his community control and the imposition of consecutive 12-month prison terms imposed on each possession count in Case No. 1046, which would be served consecutively to a 12-month prison term imposed in Case No. 748.

{¶ 3} On September 10, 2020, appellant's probation officer filed an affidavit of community control violation, alleging that appellant violated his probation in Case Nos. 748 and 1046 by (1) failing to report as directed, (2) failing to follow the probation department's verbal and written commands, (3) failing to participate in and successfully complete recommended substance abuse treatment and counseling at Brightview upon his release from the CCC, and (4) admitting he would test positive for methamphetamine on two occasions. Appellant entered an admission to the foregoing violations and, on December 28, 2020, the trial court continued appellant on community control in both cases. However,

as an additional term of community control, the court ordered that appellant attend Brightview for mental health and substance abuse treatment.

{¶ 4} A month later, on January 28, 2021, appellant's probation officer filed another affidavit of community control violation, alleging that appellant violated his probation in Case Nos. 748 and 1046 by (1) committing a theft offense, (2) failing to report as directed, (3) failing to follow the probation department's verbal and written commands, and (4) failing to contact or engage in treatment at Brightview following his release from jail in December 2020. The allegation that appellant committed a theft offense was dismissed and appellant entered an admission to the remaining violations. On March 3, 2021, the trial court continued appellant on community control in both cases, but added as an additional term of his community control that appellant participate in and successfully complete all available programming at Turtle Creek Halfway House.

{¶ 5} On March 11, 2021, in Clermont County Court of Common Pleas Case No. 2021 CR 00187 ("Case No. 187"), appellant was indicted on one count of complicity to grand theft of a motor vehicle in violation of R.C. 2923.03 and 2913.02(A)(1), a felony of the fourth degree. Appellant pled guilty to the charge and on June 4, 2021, was sentenced to four years of community control. As a condition of his community control, appellant was ordered to successfully complete all available programming at Turtle Creek. Appellant was advised that the failure to comply with the terms of his community control could result in the revocation of his community control and the imposition of an 18-month prison term, which would be run consecutively to any prison term already being served or that was being imposed at that time.

{¶ 6} A little over a month later, on July 12, 2021, appellant's probation officer filed an affidavit of community control violation in Case Nos. 748, 1046, and 187. The affidavit

alleged that appellant had failed to follow the probation department's verbal and written commands and had failed to successfully complete treatment at Turtle Creek as he had absconded from the halfway house on July 7, 2021. A bench warrant was issued for appellant's arrest.

{¶ 7} More than a year later, appellant was arrested and brought before the common pleas court on the community control violations and for an arraignment in a fourth criminal case. Appellant entered an admission to the community control violations and the court held a sentencing hearing on December 6, 2022. At this hearing, appellant's counsel addressed the court, stating that appellant wanted him to raise the issue of competency or not guilty by reason of insanity (NGRI) "so that these cases are continued for another day while there is that evaluation process." Counsel told the court that he had explained to appellant that he could not ethically file a motion that he knew had no merit. He indicated he had spoken with appellant "probably five times" about the most recent probation violations and sentencing and appellant had made repeated requests that counsel seek competency and NGRI evaluations. However, counsel indicated that nothing during his conversations with appellant indicated appellant had any competency issues that needed addressed by the court. Counsel stated, "[appellant] is an intelligent individual who understands his avenues, in my opinion, of strategy. I have no issues with [appellant's] intelligence or competency." Counsel then stated that he would have filed for a competency or a NGRI evaluation if he "reasonably, even remotely felt that was an issue," but he did not.

{¶ 8} The court, in turn, noted that the issue of appellant wanting a competency evaluation had initially arisen at an earlier pretrial hearing. In response to appellant personally raising the issue of competency, the trial court indicated the following:

THE COURT: I listened to the recording. I listened to my conversation with Mr. Pack, and certainly, my review of the interaction that we had, there's no indication whatsoever of any issues of competency.

* * *

[Appellant's counsel] has been counsel for many years with the Public Defender. Certainly, he's filed competency, NGRI motions on behalf of clients before. He's had extensive contact and discussion with Mr. Pack. I certainly would believe based on the record here, and I can't recall the specifics, but I believe that it was mentioned last time and either on the record or in pretrial or in chambers, and that the court went back and listened to his admissions to these probation violations.

I didn't see anything in any record that would indicate to the Court at any point in time that he had an issue with competency that the Court needed to sua sponte address. His counsel's indicated he has no issues. It appears to be a delay tactic at this time. It appears to be simply a delay tactic on behalf of Mr. Pack.

The court found no reason to delay sentencing on the community control violations and proceeded to revoke appellant's community control in Case Nos. 748, 1046, and 187.

{¶ 9} In revoking appellant's community control, the trial court specifically referenced the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. After considering these statutes and noting appellant's lengthy criminal history, his multiple community control violations, and his act of absconding for over a year, the court found that "prison is consistent with the purposes [and] principles of sentencing here. Community control is no longer consistent. He's no longer amenable." With respect to Case No. 748, the court imposed a 12-month sentence. It imposed two consecutive 12-month prison terms in Case No. 1046 and an 18-month prison term in Case No. 187. The sentences in all three cases were run consecutively to one another, for an aggregate prison term of 54 months. In

imposing consecutive sentences, the trial court made the necessary findings under R.C. 2929.14(C)(4).

{¶ 10} Appellant appealed the revocation of his community control, raising two assignments of error for review.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF RICKY LEE PACK BY REFUSING TO ENTERTAIN HIS ORAL MOTION TO BE FOUND NOT GUILTY BY REASON OF INSANITY.

{¶ 13} Although the caption of appellant's first assignment of error alleges prejudice as a result of the trial court's refusal to consider his oral motion to be found not guilty by reason of insanity, the body of appellant's first assignment of error solely raises an ineffective assistance of counsel claim. Specifically, appellant argues his trial counsel was ineffective for failing to file a motion for a competency evaluation or a motion to enter a NGRI plea to the community control violations. We limit our analysis to a discussion of appellant's ineffective assistance of counsel claim.[1]

{¶ 14} "In order to prevail on an ineffective-assistance-of-counsel claim, a defendant

---

1. We note that our review is limited to the proceedings on appellant's most recent community control violations. To the extent that appellant seeks to challenge his trial counsel's failure to file a motion for a competency evaluation or for an NGRI evaluation as it related to the guilty pleas he entered in November 2019 in Case Nos. 748 and 1046 or in April 2021 in Case No. 187 on the respective possession and grand theft offenses, his arguments are untimely and barred. *See* App.R. 4(A)(1) (noting that a party who wishes to appeal from an order that is final must "file the notice of appeal * * * within 30 days of that entry"); *State v. Jordan*, Slip Opinion No. 2023-Ohio-2666, ¶ 37 (noting that "once a trial court's order becomes final and appealable, a party must either appeal the order or forgo any challenge to it"). Final judgment entries, each entitled "Judgment Entry Sentencing Defendant to Community Control," were filed on January 2, 2022 in Case Nos. 748 and 1046 and on June 4, 2021 in Case No. 187. Appellant did not file a notice of appeal seeking to challenge any of the judgment entries sentencing appellant to community control within the timeframe specified by App.R. 4. This court, therefore, is without jurisdiction to consider a challenge to the guilty pleas entered in Case Nos. 748, 1046, and 187. *Jones* at ¶ 37. Accordingly, our review is limited to appellant's admission to the July 2021 allegations that he violated his community control by absconding from Turtle Creek Halfway House and failing to follow the probation department's verbal and written commands.

- 6 -

must prove that counsel's performance was deficient and that the defendant was prejudiced by counsel's deficient performance." *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 10, citing *State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989) and *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). "Thus, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Id.*, citing *Bradley* at paragraphs two and three of the syllabus. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Bradley* at 142, quoting *Strickland* at 694. The failure to satisfy either the deficiency prong or the prejudice prong of the test is fatal to a claim of ineffective assistance of counsel. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 15} "NGRI is an affirmative defense that a defendant must prove by a preponderance of the evidence." *State v. Magee*, 12th Dist. Clermont No. CA2019-11-083, 2020-Ohio-4351, ¶ 14, citing *State v. Monford*, 190 Ohio App.3d 35, 2010-Ohio-4732, ¶ 70 (10th Dist.). "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, in the manner specified in section 2901.05 of the Revised Code, that at the time of the commission of the offense, the person did not know, as a result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14).

{¶ 16} "[T]he standard for competency is different, in that it relates to the defendant's present mental condition and his ability to understand the nature of the proceedings against him and to assist his counsel in his defense." *Monford* at ¶ 69. A defendant is presumed to be competent unless it is demonstrated by a preponderance of the evidence that he is incapable of understanding the nature and objective of the proceedings against him or of

- 7 -

presently assisting in his defense. R.C. 2945.37(G); *State v. Murphy*, 173 Ohio App.3d 221, 2007-Ohio-4535, ¶ 28 (12th Dist.).

{¶ 17} Having reviewed the record in the present case, we find that appellant's ineffective assistance of counsel claim fails on both the deficiency prong and the prejudice prong. There is nothing in the record to suggest that appellant was incompetent or that he was not guilty by reason of insanity at the time he violated the terms of his community control. Rather, based on defense counsel's representations and the trial court's dialogue with appellant at the community control violation hearing and at sentencing, the record suggests the contrary. Appellant was capable of understanding the nature and objective of the violation proceedings against him, capable of assisting his defense, and capable of making an informed, voluntary, and intelligent decision to enter an admission to the violations. Counsel was therefore not deficient for not requesting a competency or NGRI evaluation when such a request would have been frivolous. "An attorney is not ineffective for failing to make a futile or frivolous request." *State v. White*, 12th Dist. Madison Nos. CA2021-05-007 and CA2021-05-008, 2022-Ohio-2182, ¶ 14. *See also State v. Powers*, 12th Dist. Clermont No. CA2021-06-026, 2021-Ohio-4357, ¶ 19 ("Defense counsel appeared to have no reasoned basis to conclude appellant was incompetent to stand trial and counsel is not ineffective for not raising a futile issue").

{¶ 18} Furthermore, appellant cannot demonstrate he was prejudiced by counsel's decision not to request NGRI and competency evaluations. The record demonstrates appellant only wanted the evaluations to delay proceedings on his community control violations and not because he was experiencing an inability to understand the nature of the proceedings, to assist in his defense, or because, at the time of the commission of the offenses, he did not know, as a result of a severe mental disease or defect, the

wrongfulness of his acts.

{¶ 19} Appellant's first assignment of error is therefore overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED TO THE PREJUDICE OF RICKY LEE PACK BY ORDERING HIM TO SERVE A PRISON TERM.

{¶ 22} In his second assignment of error, appellant argues the trial court erred by ordering him to serve an excessive prison term for what he contends "amounts to, basically, low-degree felonies" for which "[t]he only victim in his cases is society at large; there is no specific victim."

{¶ 23} "We review the trial court's sentencing decision for a community control violation under the standard of review set forth by R.C. 2953.08(G)(2)." *State v. Roberts*, 12th Dist. Butler No. CA2019-02-025, 2019-Ohio-4205, ¶ 5. Pursuant to R.C. 2953.08(G)(2), an appellate court can modify or vacate a sentence only if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

"A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range.'" *State v. Haruyama*, 12th Dist. Butler No. CA2022-03-030, 2022-Ohio-4225, ¶ 8, quoting *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 24} Appellant does not argue that the trial court improperly imposed consecutive sentences under R.C. 2929.14(C)(4) or argue that the findings made by the trial court in imposing consecutive sentences were not supported by the record. *See, e.g., State v. Gwynne*, Slip Opinion No. 2022-Ohio-4607. Instead, he limits his argument to the contention that "[t]he trial court failed to follow the purposes and principles of R.C. 2929.11 when sentencing Ricky Lee Pack, as well as the factors in R.C. 2929.12," which he alleges resulted in an excessive sentence.

{¶ 25} "R.C. 2953.08(G)(2) does *not* permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." (Emphasis added.) *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, ¶ 21, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 41-42. The supreme court reached this conclusion in *Jones* after noting that nothing within the statute permits an appellate court to "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. *See also State v. Lopez-Cruz*, 12th Dist. Butler No. CA2022-07-068, 2023-Ohio-257, ¶ 7.

{¶ 26} Given the supreme court's holding in *Jones*, we are precluded from reviewing a felony sentence where, as here, appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 and 2929.12 in imposing a sentence. *Lopez-Cruz* at ¶ 7. *See also State v. Skorich*, 6th Dist. Lucas No. L-22-1233, 2023-Ohio-2993, ¶ 14-15. Instead, our review is limited to determining whether the sentence imposed is contrary to law. Having reviewed the record in the present case, we find that the aggregate 54-month sentence imposed on appellant was not excessive and was not clearly

and convincingly contrary to law as the court took into consideration all relevant statutory factors set forth in R.C. 2929.11 and 2929.12 prior to issuing its decision, properly imposed postrelease control, and sentenced appellant within the permissible statutory range for each of the fourth- and fifth-degree felonies for which he was convicted. Appellant's second assignment of error is, therefore, overruled.

{¶ 27} Judgment affirmed.

S. POWELL, P.J., and M. POWELL, J., concur.