[Cite as *State v. Edwards*, 2023-Ohio-4173.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE OF OHIO,                          :

    Appellee,                          :          CASE NO. CA2023-03-013

                                       :          O P I N I O N
- vs -                                             11/20/2023

                                       :

LEON EDWARDS,                           :

    Appellant.                         :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CR 789


Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Joshua R. Crousey, for appellant.


**M. POWELL, J.**

{¶ 1}  Appellant, Leon Edwards, appeals his conviction in the Clermont County Court of Common Pleas following his guilty plea to aggravated assault and aggravated menacing.

{¶ 2}  Appellant has suffered from mental health problems since he was 14 years old.  On August 18, 2022, appellant called law enforcement for transportation to a psychiatric facility because he was experiencing a mental health episode and was feeling

unstable and suicidal. At the time, appellant had been unable to obtain his prescribed medications. Appellant was initially transported to Fairfield Hospital and then transferred to the Clermont Mercy Hospital Behavioral Unit. On August 19, 2022, while at Clermont Mercy Hospital, appellant became disorderly. The record indicates that he had not been given any medications since his admission to the hospital the day before. As security officers sought to contain appellant, a struggle ensued during which appellant sat on one of the security officers and broke the officer's ankle. Appellant laughed, then told the other security officer, "his leg broke; I'm going to break yours next."

{¶ 3} Appellant was indicted on one count of felonious assault and one count of aggravated menacing. On January 24, 2023, appellant entered a guilty plea to a reduced charge of aggravated assault and to one count of aggravated menacing. During the plea hearing, the trial court engaged in a discussion with appellant about the several prescribed medications he was taking and had taken that day, and whether appellant felt the medications affected his ability to understand the proceedings. Appellant advised the trial court that the medications were bringing him clarity and calmness and that they helped him better understand the proceedings. In response to the trial court's inquiry, trial counsel advised the court that he had interacted with appellant personally and privately both on the day of the plea hearing and on prior occasions and that he had no concerns about appellant's ability to understand the proceedings.

{¶ 4} For the record, the trial court stated that appellant was standing attentively at the podium, was making direct eye contact, and conversed responsively. The court noted it had observed nothing suggesting appellant was impaired and that it was apparent appellant fully understood the proceedings. The trial court then engaged appellant in a full Crim.R. 11 plea colloquy. The state provided the trial court with a statement of facts to which appellant took no issue. The trial court accepted appellant's guilty plea.

{¶ 5}  A sentencing hearing was held on February 16, 2023.  Defense counsel informed the trial court that appellant was a very mentally ill man who needs a lot of medication to function well, that he has become better at managing his mental health issues, and that he was currently engaged in the Hamilton County mental health court program.  Appellant took responsibility for his actions, telling the court that he does not normally hurt people and that he was sorry the officer was injured.  In sentencing appellant, the trial court noted appellant's lengthy juvenile and criminal record as well as his volatile and violent behavior while confined in the county jail pending trial.  Appellant's record included several offenses of violence and three separate convictions stemming from appellant's disruptive and belligerent behavior in a hospital setting where he was seeking treatment.  The trial court stated, "I don't doubt for a second that [appellant] has mental health issues, and  * * * that those issues contribute to his behavior," but determined that appellant was a violent individual who was a danger both to himself and the public.  The trial court sentenced appellant to a 15-month prison term.

{¶ 6}  Appellant now appeals, raising two assignments of error.

{¶ 7}  Assignment of Error No. 1:

{¶ 8}  FAILURE OF APPELLANT'S COUNSEL TO REFER APPELLANT FOR A PSYCHIATRIC EVALUATION AS TO HIS COMPETENCY TO ENTER A PLEA OR HIS SANITY AT THE TIME OF THE UNDERLYING OFFENSE AND COUNSEL'S FAILURE TO ENTER A PLEA OF NOT GUILTY BY REASON OF INSANITY CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 9}  Appellant argues that his trial counsel was ineffective because he failed to challenge appellant's competency to participate in the proceedings, enter a not guilty by reason of insanity ("NGRI") plea on his behalf, and request both a competency evaluation and an evaluation of his sanity at the time of the assault.  In support of his argument,

appellant cites his long history of mental illness, the fact he committed the offenses while in a psychiatric unit, and the fact he was engaged in a mental health court program and on several psychotropic medications at the time of his plea and sentencing.

{¶ 10} "To prevail on an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that (1) his counsel's performance was deficient and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty." *State v. Arledge*, 12th Dist. Clinton No. CA2018-12-024, 2019-Ohio-3147, ¶ 8, citing *State v. Bird*, 81 Ohio St.3d 582, 585, 1998-Ohio-606.  The failure to make an adequate showing on either prong is fatal to a claim of ineffective assistance of counsel. *State v. Leonicio*, 12th Dist. Butler No. CA2022-08-077, 2023-Ohio-2433, ¶ 24.

{¶ 11} Competency refers to a defendant's mental condition at the time of trial or plea, whereas the insanity defense refers to the defendant's mental condition at the time of the offense.  *State v. Walker*, 6th Dist. Lucas Nos. L-22-1032 and L-22-1033, 2023-Ohio-140, ¶ 20.  Generally, a trial counsel's failure to seek a competency evaluation or pursue an insanity defense is not, per se, ineffective assistance of counsel.  *State v. Brewer*, 12th Dist. Brown No. CA2020-11-008, 2021-Ohio-2289, ¶ 12.  It is only where the facts and circumstances indicate appellant did not understand the nature and objective of the proceedings and was incapable of assisting in his defense or otherwise indicate that a plea of not guilty by reason of insanity would have a reasonable probability of success that it is ineffective assistance of counsel to fail to pursue such a defense strategy.  *Id.*

{¶ 12} "NGRI is an affirmative defense that a defendant must prove by a preponderance of the evidence." *State v. Pack*, 12th Dist. Clermont Nos. CA2022-12-087 thru CA2022-12-089, 2023-Ohio-3200, ¶ 15.  "A person is 'not guilty by reason of insanity' relative to a charge of an offense only if the person proves, [by the preponderance of the evidence], that at the time of the commission of the offense, the person did not know, as a

result of a severe mental disease or defect, the wrongfulness of the person's acts." R.C. 2901.01(A)(14) and 2901.05(A).

{¶ 13} Where facts and circumstances indicate that an NGRI plea would have had a reasonable probability of success, it is ineffective assistance of counsel to fail to enter the plea. *Walker*, 2023-Ohio-140 at ¶ 30. Where, however, facts indicate that counsel was pursuing a reasonable strategy in failing to so plead, or where the likelihood of success for the plea is low, counsel's actions will not be determined to be unreasonable. *Id.*

{¶ 14} While the record reflects that appellant suffers from chronic mental illness and was confined to a psychiatric facility at the time of the offenses, it does not show that he was unable to understand the difference between right and wrong. It is not enough that appellant had long-standing mental health issues. Rather, he must demonstrate that his mental illness somehow caused him to be unaware that it was wrong to assault the security officer and engage in menacing. *Walker* at ¶ 33. Here, there is no evidence to that effect. *Id.* Appellant has an extensive juvenile and criminal record and several of his prior offenses involved violence. Appellant was also engaged in volatile and violent behavior while confined in the county jail pending trial. Thus, the record plainly suggests that appellant's conduct in committing the aggravated assault offense was not the product of insanity but of his propensity to engage in violent conduct. That is, being prone to violence does not equate to an inability to appreciate that such conduct is wrong. Accordingly, appellant cannot show that trial counsel was deficient for failing to enter an NGRI plea on his behalf. Additionally, appellant cannot show prejudice because there is no evidence in the record that had counsel pursued a NGRI plea, appellant would have been found not guilty. For the same reasons, trial counsel was not deficient for not requesting an NGRI evaluation. An attorney is not ineffective for failing to do a futile act or make a frivolous request. *Pack*, 2023-Ohio-3200 at ¶ 17.

{¶ 15} Trial counsel's failure to request an NGRI evaluation and enter an NGRI plea on behalf of appellant did not, therefore, constitute ineffective assistance of counsel.

{¶ 16} "[T]he standard for competency is different, in that it relates to the defendant's present mental condition and his ability to understand the nature of the proceedings against him and to assist his counsel in his defense." *Id.* at ¶ 16; R.C. 2945.36(G). A defendant is rebuttably presumed competent to stand trial or plead guilty when he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and] has a rational as well as factual understanding of the proceedings against him." *State v. Lawson*, 165 Ohio St.3d 445, 2021-Ohio-3566, ¶ 48-49. The burden of rebutting the presumption and establishing incompetency by a preponderance of the evidence is upon the defendant. *State v. Lampley*, 12th Dist. Butler No. CA2011-03-046, 2011-Ohio-6349, ¶ 10. Trial counsel is not ineffective for failing to request a competency evaluation when the defendant does not display sufficient indicia of incompetency to warrant a competency hearing. *Lawson* at ¶ 95.

{¶ 17} Upon reviewing the record, we find there is nothing to suggest that appellant was incompetent to participate in the proceedings or plead guilty. Appellant did not display any indicia of incompetency to warrant a competency hearing, and neither trial counsel nor the prosecutor expressed concerns on the record regarding appellant's competency. Rather, based on trial counsel's representations and the trial court's dialogue with appellant at the plea hearing and at sentencing, the record shows that appellant was capable of understanding the nature and objective of the proceedings against him, capable of assisting his defense, and capable of making an informed, voluntary, and intelligent decision to enter a guilty plea.

{¶ 18} Appellant points to no "indicia of incompetency," other than his chronic mental illness, the fact he committed the offenses while in a psychiatric unit, and the fact he was

engaged in a mental health court program and on several psychotropic medications at the time of his plea and sentencing.

{¶ 19} However, "[i]ncompetency must not be equated with mere mental or emotional instability or even with outright insanity. A defendant may be emotionally disturbed or even psychotic and still be capable of understanding the charges against him and of assisting his counsel." *State v. Bock*, 28 Ohio St.3d 108, 110 (1986). "The test for competency focuses entirely on the defendant's ability to understand the meaning of the proceedings against him and his ability to assist in his own defense, which can be satisfied regardless of the defendant's mental status or IQ." *Walker*, 2023-Ohio-140 at ¶ 23. In other words, appellant's mental illness, without more, did not trigger a duty by defense counsel to request a competency evaluation. *Id.*

{¶ 20} Furthermore, the fact that a defendant is taking prescribed psychotropic medications does not negate his competency to stand trial or plead guilty. *Lawson*, 2021-Ohio-3566 at ¶ 59. The trial court adequately inquired about appellant's psychotropic medications; trial counsel, who knew appellant was taking several medications, had no concerns about appellant's competency; and appellant advised the trial court the prescribed medications did not negatively affect but rather helped his understanding of the proceedings.

{¶ 21} As appellant did not display sufficient indicia of incompetency to warrant a competency evaluation or hearing, trial counsel was not ineffective in failing to challenge appellant's competency or request a competency evaluation.

{¶ 22} Appellant's first assignment of error is overruled.

{¶ 23} Assignment of Error No. 2:

{¶ 24} THE APPELLANT'S PLEA WAS NOT A VOLUNTARY AND KNOWING PLEA IN VIOLATION OF THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE FIFTH

AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND UNDER ARTICLE I SECTION 10 OF THE OHIO CONSTITUTION.

{¶ 25} Appellant argues that his guilty plea was not knowingly, intelligently, and voluntarily made because he was not competent during the proceedings below and trial counsel did not advise him of his right to enter an NGRI plea, despite his extensive psychiatric history. Appellant asserts that "[a]bsent from the record is any indication that Appellant's counsel advised Appellant that such a plea could or should be entered or even considered."

{¶ 26} A guilty plea that is not knowing, intelligent, and voluntary violates the Ohio and United States Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, citing *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582 (1927). It is the trial court's duty, therefore, to ensure that a defendant "has a full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709 (1969).

{¶ 27} To ensure that a defendant's guilty plea is knowingly, intelligently, and voluntarily made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *Leonicio*, 2023-Ohio-2433 at ¶ 33. Specifically, the "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, ¶ 41; Crim.R. 11(C)(2)(c). In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. *Id.*; Crim.R. 11(C)(2)(a) and (b). A plea may be involuntary if "the accused does not understand the nature of the constitutional protections he is waiving * * * or because he has such an incomplete understanding of the charge that his plea cannot stand

as an intelligent admission of guilt." *Montgomery* at ¶ 42.

{¶ 28} Appellant has not specifically identified any problem in the trial court's Crim.R. 11 colloquy and the record reflects that the trial court complied with the requirements of Crim.R. 11(C) in advising him of the constitutional rights he was waiving and in covering the other nonconstitutional aspects of his guilty plea.

{¶ 29} Contrary to appellant's assertion, and as we held under the first assignment of error, the record is devoid of any evidence showing or implying that appellant was incompetent during the plea hearing. Upon learning appellant was taking medications, the trial court inquired about them and their impact on appellant. Only after appellant unequivocally advised the court that his prescribed psychotropic medications brought him clarity, calmness, and a better understanding of the proceedings, and trial counsel assured the trial court he had no concerns about appellant's competency did the trial court conduct the full plea colloquy in compliance with Crim.R. 11. Appellant answered each of the trial court's questions in a coherent fashion. There is no evidence in the record indicating that appellant was not in full possession of his faculties at the plea hearing.

{¶ 30} Regarding appellant's assertion there is no indication in the record that trial counsel advised him of an NGRI plea, we note that nothing in the record shows that trial counsel did not advise him of his right to enter an NGRI plea. In any event, any evidence regarding trial counsel's conversation with or plea advice to appellant is outside the record and inappropriate for a direct appeal. *See Leonicio*, 2023-Ohio-2433.

{¶ 31} Based upon the record before us, appellant's guilty plea was knowingly, intelligently, and voluntarily made. Appellant's second assignment of error is overruled.

{¶ 32} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.