[Cite as *State v. Barton*, 2026-Ohio-1758.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
DELAWARE COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAC 08 0069 |
| Plaintiff - Appellee | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Delaware Municipal Court, Case No. 25 CRB 00100 |
| TROY BARTON, | Judgment:  Affirmed |
| Defendant - Appellant | Date of Judgment:  May 13, 2026 |

BEFORE: Craig R. Baldwin, Robert G. Montgomery, and David M. Gormley, Judges

APPEARANCES: Tyler A. Sanders (Assistant City Prosecutor), Delaware, Ohio, for Plaintiff-Appellee; April F. Campbell, Dublin Ohio, for Defendant-Appellant.

*Gormley, J.*

**{¶1}**  Defendant Troy Barton argues that he was denied the effective assistance of counsel in the trial court because his trial attorney failed to insist that his competence be firmly established before Barton pled no-contest to a misdemeanor theft charge.  We conclude that Barton's lawyer was not ineffective, so we affirm the trial court's judgment.

**The Key Facts**

**{¶2}**  Barton entered a Meijer store, placed a storage tote in a cart, filled it with trading cards, and walked out without paying.  The loss to Meijer was just under $950, and the State filed a misdemeanor theft charge against him.

**{¶3}**  In the trial court, Barton's trial counsel filed a motion questioning Barton's competence to stand trial and asking for an evaluation of his present mental condition in accordance with R.C. 2945.371.  The next day, Barton's counsel filed a supplemental motion explaining that Barton's competency had been evaluated in an unrelated criminal

case in Licking County, and though Barton had been found competent by the trial court there, Barton's counsel in that case was seeking a second opinion. The trial court in our case then declined to order a competency evaluation.

{¶4} Days later, Barton entered a no-contest plea to the theft charge. At the plea-change hearing, his attorney noted that Barton was currently undergoing a second competency evaluation in the Licking County case, but the attorney expressed no concerns about Barton's competence to proceed with the plea change in this case.

{¶5} At the plea-change hearing, Barton answered all of the trial judge's plea-colloquy questions, and Barton answered affirmatively when the judge asked if he understood the consequences of pleading no-contest to the theft charge. The trial judge accepted Barton's plea and imposed a sentence. Barton now appeals.

## Barton's Ineffective-Assistance Claim Falls Short

{¶6} In his single assignment of error, Barton contends that his trial counsel should have done more to ensure that Barton was competent to enter a no-contest plea.

{¶7} The Sixth Amendment provides that an accused is entitled to be represented by an attorney in any criminal case. U.S. Const., amend. VI. For us to overturn a conviction based on a claim of ineffective assistance of counsel, a defendant must first prove that his or her counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the defendant is able to make that showing, then he or she, to prevail on an ineffective-assistance claim, must demonstrate, too, that the attorney's deficient performance harmed or prejudiced the defendant in some way. *Id.*

{¶8} Because this appeal focuses on defense counsel's handling of the competency issue, Barton — to prove that his trial attorney was ineffective — "must show that his counsel failed to perform an adequate investigation of his possible

incompetence." *State v. Lawson*, 2021-Ohio-3566, ¶ 101. Barton's lawyer in the trial court cannot be found to have been ineffective if Barton did not "display sufficient indicia of incompetency to warrant a competency hearing." *Id*. at ¶ 95.

{¶9} First, we are not convinced that Barton's attorney failed to investigate Barton's possible incompetency. The record shows that Barton's trial counsel did raise the issue in a motion asking for an evaluation as Ohio law permits, and the lawyer also filed a supplemental motion providing more details as the lawyer learned them.

{¶10} Second, even were we to find that Barton's lawyer should have done more, we cannot say that grounds existed for the trial judge to either order an evaluation or call a halt to the plea change. After all, a recent evaluation in the Licking County case had evidently indicated that Barton was currently capable of understanding the proceedings in his case there and was able to assist his lawyer in his own defense in that case, and nothing that Barton said or did in court in this case appears to have raised any red flags about his present mental condition.

{¶11} Several Ohio appellate-court decisions suggest that facts like those in our case are not sufficient to warrant a competency hearing. *See State v. Kendall*, 2025-Ohio-2394, ¶ 21 (3d Dist.) (prior psychiatric hospitalization and use of psychiatric medication did not constitute sufficient indicia of incompetency); *State v. Harris*, 2025-Ohio-5074, ¶ 27 (6th Dist.) (history of mental-health problems and drug dependency, standing alone, did not establish sufficient indicia of incompetency where the defendant otherwise demonstrated an understanding of the proceedings); *State v. Edwards*, 2023-Ohio-4173, ¶ 18 (12th Dist.) (chronic mental illness, commission of the offense in a psychiatric unit, and use of psychotropic medication did not amount to sufficient indicia of incompetency).

**{¶12}** Competence to stand trial is the presumption for persons facing criminal charges. *See State v. Baker*, 2022-Ohio-1853, ¶ 35 (5th Dist.). To rebut that presumption, a defendant must establish incompetency by a preponderance of the evidence. R.C. 2945.37(G). Barton has pointed to nothing in the record — whether from the plea-change hearing or elsewhere — that overcomes that presumption. On this record, Barton's trial lawyer was not ineffective.

**{¶13}** For these reasons, the judgment of the Delaware Municipal Court is affirmed. Costs are to be paid by Appellant Troy Barton.

By: Gormley, J.;

Baldwin, P.J. and

Montgomery, J. concur.